**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4549
_____

ELIO FELIPE MENDES LOURENCO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-254-247)
Immigration Judge: Honorable Annie Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011
Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: April 22, 2011)
_____

OPINION
_____

PER CURIAM

    Elio Felipe Mendes Lourenco petitions for review of a final order entered by the

Board of Immigration Appeals ("BIA"), which dismissed his appeal of an immigration

judge's ("IJ") denial of his motion to reopen.  For the following reasons, we will deny the

petition for review.

Lourenco is a native and citizen of Portugal. He and his family entered the United States in 1990, when Lourenco was four years old, as nonimmigrant visitors for pleasure. The family members overstayed their visas, and in 2004 the government initiated removal proceedings. Lourenco was charged as being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) (remaining in the country beyond the authorized period). At a hearing in 2006, he conceded removability and expressed a desire to apply for cancellation of removal. However, he missed the deadline for submitting his application for cancelation of removal, and the IJ ordered him removed.

Lourenco filed a motion to reopen his application. In June 2007, the IJ granted the motion and gave him more than eight months to submit supporting documents and proof of fingerprinting. The deadline passed without any submissions. In March 2008, the IJ concluded that, because Lourenco had failed to submit the necessary evidence, she was required to dismiss his application, and again ordered Lourenco removed from the country.

Lourenco filed a second motion to reopen. He attached proof that he had been fingerprinted in October 2007. He explained that his failure to timely submit the evidence was "[d]ue to an unfortunate oversight." He did not, however, provide any evidence to establish his continuous physical presence in the country, or to establish that his removal would result in an undue hardship to a qualified relative, to support his application for cancelation of removal as required by 8 U.S.C. § 1229b(b)(1). The IJ

2

denied the motion to reopen, noting that Lourenco had not explained why he had failed to comply with the February 2008 deadline. The BIA adopted and affirmed the IJ's decision, finding that Lourenco had abandoned his application. He filed a petition for review.

We have jurisdiction to hear this appeal under 8 U.S.C. § 1252(a)(1). Because the BIA "invoke[d] specific aspects of the IJ's analysis and fact-finding in support of [its] conclusions," we review both the IJ and the BIA's decisions. See Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). We review denials of motions to reopen for abuse of discretion. Liu v. Attorney Gen., 506 F.3d 274, 276 (3d Cir. 2009). We will reverse only if the decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation and quotation marks omitted). We conclude that the BIA did not abuse its discretion in affirming the IJ's denial of Lourenco's motion to reopen.

A motion to reopen can be denied if (1) the movant "fail[s] to establish a prima facie case for the relief sought" (2) the movant "fail[s] to introduce previously unavailable, material evidence," or (3) the BIA "determin[es] that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." INS v. Doherty, 502 U.S. 314, 323 (1992). When Lourenco submitted his motion to reopen, he included a copy of his cancelation of removal application and documentation to establish that he had been fingerprinted before the IJ ordered him removed. He failed to introduce any "previously unavailable, material

3

evidence." Moreover, by failing to provide the additional evidence required by 8 U.S.C. § 1229b(b)(1)(A) and (D) for applicants seeking cancelation of removal, he did not establish prima facie eligibility for the relief sought. Thus, the BIA was acting within its discretion when it denied Lourenco's motion to reopen.

Finally, Lourenco argues that his due process rights were violated because he never received a hearing on the merits of his claim. However, the relief that he seeks—cancellation of removal—is discretionary and does not implicate a liberty or property interest. As a result, no process is due. Hernandez v. Gonzales, 437 F.3d 341, 346 (3d Cir. 2006).

Accordingly, we will deny the petition for review.